UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| **SHAMIAR CHIFFON SPANN** | ) | CASE: A21-58550-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The plan as proposed will extend to seventy-seven (77) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate that the tax return has not been filed for the period ending December 31, 2019. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

4.

Due to the developing issues with the COVID-19 virus and the national declaration of emergency by the President of the United States, the Meeting of Creditors held pursuant to 11 U.S.C. Section 341, for the instant case, was conducted telephonically. Without in-person contact the Trustee was unable to collect a properly completed and signed Debtor Questionnaire. The Debtor has also failed to file a completed Debtor Questionnaire prior to the 341 meeting of creditors with the Bankruptcy Court as requested by the Trustee. The Chapter 13 Trustee requests the Debtor file with the Bankruptcy Court a completed and signed questionnaire. A fillable pdf version of the questionnaire can be found at http://www.njwtrustee.com/wp-content/uploads/Debtor-Questionnaire1.pdf.

5.

The Trustee requests proof of the Debtor's income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the Debtor's current financial situation, thereby preventing the Trustee from evaluating feasibility. 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor has new employment.

7.

The Chapter 13 budget reflects a total monthly household expense of $4,466.00, an amount that may be excessive and unnecessary for the maintenance or support of the Debtor or Debtor's dependents in violation of 11 U.S.C. Section 1325(b)(2)(A), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(a)(7).

8.

The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $2,500.00 per month, and tax escrow slips have not been submitted, thereby indicating the proposed plan is infeasible, 11 U.S.C. Section 1325(a)(6).

9.

The Chapter 13 schedules fail to disclose the Debtor's entertainment business assets, in violation of 11 U.S.C. Section 521.

10.

It appears that an attorney represents the Debtor in a pending or anticipated non-bankruptcy litigation. Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

11.

Based upon the Debtor's testimony and/or schedules, the Debtor has a pending or anticipated lawsuit from which the Debtor could receive monetary proceeds. The plan should be amended as follows: Subject to the Court's approval of special counsel and any future settlement, net proceeds from the Debtor's pending/anticipated lawsuit, minus any funds that Debtor is entitled to exempt, will be paid to the Trustee for distribution to unsecured claims as required by 11 U.S.C. §§ 522(c), 541, 1306(a), 1325(a)(3), 1325(a)(4), and 1325(b), unless otherwise ordered by this Court. If the pending/anticipated lawsuit remains unresolved at the conclusion of all payments otherwise required under the confirmed plan, the Trustee shall provide notice to Debtor's Counsel and may withhold her Notice of Plan Completion until resolved or the Court orders otherwise.

12.

The plan fails to treat Mississippi Department of Revenue and the priority claim of Internal Revenue Service in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

13.

The Chapter 13 plan proposes to pay $4,570.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 23rd day of December, 2021.

                                        Respectfully submitted,

                                      /s/_____
                                      Eric W. Roach
                                      Attorney for the Chapter 13 Trustee
                                      State Bar No. 143194

## CERTIFICATE OF SERVICE

Case No: A21-58550-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

SHAMIAR CHIFFON SPANN
4228 FRIST AVENUE SUITE 15
TUCKER, GA  30084

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

CLARK & WASHINGTON, P.C.

This the 23rd day of December, 2021.

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201